Benjamin J. Naylor #023968
Michael B. Guilliam #035069
**BURNSBARTON PLC**
2201 East Camelback Road, Ste. 360
Phoenix, AZ 85016
Phone: (602) 753-4500
ben@burnsbarton.com

Sean C. Wagner (*Pro Hac Vice* Forthcoming)
Sean.Wagner@wagnerhicks.law
Abbey M. Krysak (*Pro Hac Vice* Forthcoming)
Abbey.Krysak@wagnerhicks.law
**WAGNER HICKS PLLC**
831 East Morehead Street, Suite 860
Charlotte NC 28202
Tel: (704) 705-7538; Fax: (704) 705-7787

*Attorneys for Goldwater Bank NA*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Goldwater Bank, N.A., | NO. |
| Plaintiff, | |
| vs. | **Complaint** |
| Caliber Home Loans, Inc., Julia M. Magler, Amy Waller, and Shelly Farris. | **(Jury Trial Demanded)** |
| Defendants. | |

Plaintiff Goldwater Bank, N.A. ("Plaintiff" or "Goldwater"), complaining of Defendants Caliber Home Loans, Inc., Julia M. Magler, Amy Waller, and Shelly Farris alleges and says that:

### PARTIES JURISDICTION AND VENUE

1.     Plaintiff Goldwater is a national association with its headquarters and principal place of business in Phoenix, Arizona.

2.      Caliber Home Loans, Inc. ("Caliber") is a corporation organized under the laws of the State of Delaware with its principal place of business in Coppell, Texas.

3.      Upon information and belief, Caliber provides services for customers located in Arizona, is currently conducting business in Arizona, and markets itself in Arizona. Upon information and belief, Caliber was created by way of merger of Caliber Funding, LLC and Vericrest Financial in 2013.  Upon information and belief, the organizations were combined to create a full-service, consumer-focused, residential banking organization offering both loan origination and loan servicing solutions.

4.      Upon information and belief, Defendant Julia M. Magler ("Magler") is a citizen and resident of the state of Minnesota, a prior employee of Plaintiff and a current employee of Caliber.  Magler executed an Employment Agreement with Plaintiff wherein she consented to the jurisdiction of this Court.  A true and accurate copy of the Employment Agreement is attached hereto as **Exhibit A**.

5.      Upon information and belief, Magler and John Doe Magler (collectively the Julia Magler Marital Community") are husband and wife, residing in the state of Minnesota. Upon information and belief, all acts alleged herein to have been committed by Magler were undertaken for the benefit of the Julia Magler Marital Community.

6.      Upon information and belief, Defendant Amy Waller ("Waller") is an employee and agent of Caliber and is a citizen and resident of the State of Minnesota.

7.      Upon information and belief, Waller and John Doe Waller (collectively the Amy Waller Marital Community") are husband and wife, residing in the state of Minnesota.

-2-

Upon information and belief, all acts alleged herein to have been committed by Waller were undertaken for the benefit of the Amy Waller Marital Community.

8.      Upon information and belief, Defendant Shelly Farris ("Farris") is an employee and agent of Caliber and is a citizen and resident of the State of Minnesota.

9.      Upon information and belief, Farris and John Doe Farris (collectively the Shelly Farris Marital Community") are husband and wife, residing in the state of Minnesota. Upon information and belief, all acts alleged herein to have been committed by Farris were undertaken for the benefit of the Shelly Farris Marital Community.

10.     The Court has personal jurisdiction over the parties to this action.

11.     This Court has subject matter jurisdiction over this action because, *inter alia*, (a) complete diversity of citizenship exists between the parties under the provisions of 28 U.S.C. § 1332 and (b) the amount in controversy exceeds $75,000, exclusive of interest and costs.

12.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because (1) the contract at issue between Caliber and Goldwater was executed in Arizona and breached by one or more of its agents including Waller and Farris, (2) Defendant Magler submitted herself to the jurisdiction of this Court when signing her Employment Agreement with Goldwater, and (3) Caliber Home Loans, Inc. does business in and markets itself in Arizona.

## **FACTUAL ALLEGATIONS**

13.     Goldwater is a financial institution that is regularly engaged in consumer financial transactions including loan origination.

-3-

14.    In connection with its business, Goldwater has developed or generated various trade secrets, confidential information, and other material information of significant commercial value, including but not limited to, Goldwater's business practices, protocols, clients, pricing schemes, sales leads and proprietary interfacing which are the backbone of Goldwater's business.

15.    Goldwater has taken various steps to protect its trade secrets, confidential information, and other material information of commercial value, including (1) using network firewalls, password protection, and security credentials to prevent unauthorized access to Goldwater's servers, (2) limiting employees' access to information to that which is necessary to fulfill their job functions, (3) revoking employee authorization when they leave employment with Goldwater, (4) controlling physical access to Goldwater's offices and information, (5) use of an Intrusion Detection System to facilitate monitoring of network traffic and resource access, (6) performing regular reviews of servers and workstations to identify and report problems that may impact security, and (7) requiring employees with access to such information to execute non-disclosure, non-solicitation, and/or non-competition agreements.

16.    In or around April 2013, Goldwater and Caliber (then Caliber Funding, LLC) entered into a Correspondent Mortgage Loan Purchase Agreement (the "Caliber Agreement").  Pursuant to the Caliber Agreement, Goldwater agreed to solicit prospective borrowers for residential mortgage loans, fund such loans in their own name, and sell those same loans to Caliber.

17.     In or around April 2014, Caliber and Goldwater amended the Caliber Agreement and it remains in full force and effect.  A true and accurate copy of the Caliber Agreement and the Amendment are attached hereto as **Exhibit B**.

18.     Julia M. Magler ("Magler") worked for Goldwater as a Loan Originator from March 29, 2018, until June 11, 2021.

19.     As a Loan Originator, Magler's responsibilities included taking loan applications or inquiries, arranging credit transactions, assisting consumers in applying for credit, offering or negotiating credit terms, and advertising or communicating to the public that Magler would perform loan origination services on behalf of Goldwater.  By virtue of the position's requirements, Magler had access to Goldwater's business methods, leads, loan programs, advertising programs, referral sources, marketing sources, software, technology, investor lists, customer lists, customer information, products, and Goldwater documentation.

20.     At the time of hire, Magler executed an Employment Agreement with Goldwater dated March 29, 2018, a true and accurate copy of which is attached hereto as Exhibit A, and which set forth the following relevant restrictions:

a.     Loan Originator shall not originate or process any loan outside of [Goldwater] or for a lender or broker other than [Goldwater].  If loan originator is found to be working with any company in direct competition with [Goldwater] he/she will be subject to disciplinary action up to and including immediate termination.

b.     Loan Originator shall not at any time violate federal or state laws and regulations with the regard to the disclosure of any [Goldwater] or applicant confidential

information.  Loan Originator agrees to strictly comply with all provisions of the Gramm-Leach-Bliley Act of 1999 (the "Act"), including, without limitation, the provisions of Title V of the Act with respect to the disclosure of nonpublic personal information.  In the event of a breach of violation of the foregoing restriction, such actions will be treated with immediate disciplinary action up to and including termination.

c.    Loan Originator acknowledges that by reason of his/her employment, Loan Originator will occupy a position of trust and confidence with [Goldwater] and that Loan Originator will have access to confidential and proprietary information and trade secrets of [Goldwater], all of which are the unique and valuable property of [Goldwater]. . . Loan Originator acknowledges that s/he will become intimately involved and/or knowledgeable in regard to [Goldwater's] business and will be entrusted with [Goldwater's] confidential information, and both during his/her employment and after any termination thereof, loan originator shall use such information solely for [Goldwater's] benefit, and maintain as secret and shall not disclose any of the confidential information to any third party (except as Loan Originator's duties may require) without [Goldwater's] express written authorization.

d.    Loan Originator further acknowledges that all leads provided to or worked on by Loan Originator and loans in process are [Goldwater's] property.  Loan Originator agrees to provide upon termination a written account of any and all open leads, business prospects, and/or loans in process as of the date of his/her termination, and agrees not to take any action to divert such loans to a competitor or away from [Goldwater].

21.     Beginning on or around May 2021, Caliber began recruiting Magler to work for it.

22.     Emails between Defendant and Magler demonstrated that Defendant was very interested in soliciting Magler to work for it.

23.     In or around May 25, 2021, Caliber offered employment to Ms. Magler, and Ms. Magler accepted.

24.     Magler voluntarily terminated her employment with Goldwater on June 11, 2021.

25.     Magler began working for Caliber on June 14, 2021.

26.     After her termination, Goldwater discovered that Magler committed the following breaches of her Employment Agreement with Goldwater between May 25, 2021 and June 11, 2021:

a.     Between the dates of May 25, 2021 and June 11, 2021, and while still an employee of Goldwater, Magler caused documents containing several Goldwater customers' confidential information as well as Goldwater's confidential information to be forwarded to her personal email account in violation of Goldwater policy.  These documents included, but are not limited to, loan purchase agreements, bank statements, pay stubs, tax returns, W-2's, and closing worksheets.

b.     On May 26, 2021 and while still an employee of Goldwater, Magler corresponded with two Caliber employees, Farris and Waller, using her Goldwater employee email account.  In this correspondence, Magler provided the names of five (5)

Goldwater customers, informed Farris and Waller that she would be submitting these to Caliber for processing, and that she had "full packages on all submissions."

c.   Between the dates of May 26, 2021 and June 11, 2021, and while still an employee of Goldwater, Magler caused documents containing several Goldwater customers' confidential information and Goldwater's confidential information to be forwarded to Farris and Waller at Caliber.  These documents included, but are not limited to, loan purchase agreements, bank statements, pay stubs, tax returns, W-2's, and closing worksheets.

d.   On May 26, 2021, and while still an employee of Goldwater, Magler asked Farris and Waller to provide her with a method for submitting Goldwater customer files to Caliber.  Then, between May 26 and June 11, 2021, Magler preceded to log into the Caliber customer portal as a "customer" and submit *at least* five separate applications using Goldwater confidential, customer information.  Based on Magler's May 26, 2021 and June 8, 2021 correspondence with Caliber employees, Magler did this with the guidance, assistance, and encouragement of both Farris and Waller.

e.   Between the dates of May 26, 2021 and June 11, 2021, Farris and Waller would reach out to Magler seeking confidential information for various Goldwater customers, and Magler would in turn provide the requested information.  On at least one occasion, Magler confirmed she would send the requested information from her personal email account again in violation of Goldwater policy.

f.      Upon information and belief, and between the dates of May 26, 2021 and June 11, 2021, Magler also took a voluminous amount of confidential customer financial information.

27.     Upon information and belief, Caliber knew or should have known that Magler was subject to restrictive covenants at all times during which it was soliciting Magler.

28.     Despite being on notice that Ms. Magler was subject to restrictive covenants, Caliber proceeded to offer employment to Magler.

29.     Upon information and belief, Caliber knew or should have known that Magler was subject to restrictive covenants at all times during which it was aiding and abetting Magler in breaching her Employment Agreement.

30.     No later than June 18, 2021, Caliber became aware that Ms. Magler was subject to restrictive covenants, including non-disclosure, confidentiality, non-solicitation and non-competition agreements.

31.     By letter dated June 18, 2021, Plaintiff, through counsel, alerted Defendant that Magler had executed a non-disclosure, non-solicitation, and non-competition agreement and delivered a copy of the restrictive covenants to Caliber.

32.     Notwithstanding that Magler was an at will employee, Caliber continued to employ Magler after being put on notice of Magler's restrictive covenants, receiving copies of those covenants.

## FIRST CLAIM FOR RELIEF
### Tortious Interference with Contract (Against Caliber, Waller & Farris)

33.     The preceding allegations are realleged and incorporated herein by reference.

34.     Goldwater executed the Employment, Non-Disclosure, Non-solicitation, and Non-competition Agreement with Magler.

35.     Caliber, Waller and Farris knowingly, intentionally, unjustifiably, and in bad faith induced Magler to breach her contract with Goldwater by (1) soliciting and hiring her to work for Caliber, and/or (2) requesting, encouraging, or otherwise inducing her to disclose or use Plaintiff's trade secrets, confidential information, or other material information of commercial value.

36.     Caliber, Waller, and Farris acted improperly by inducing Magler to breach her contract with Goldwater.

37.     As a direct and proximate result of Caliber's misconduct, Plaintiff has been damaged in an amount to be proven at trial, but in any event in excess of $75,000.

38.     By reason of the foregoing, Plaintiff is entitled to recover compensatory and punitive damages against Caliber, Waller and Farris.

## SECOND CLAIM FOR RELIEF
### Tortious Interference with Prospective Economic Advantage
### (Against Caliber, Waller, Farris, and Magler)

39.     The preceding allegations are realleged and incorporated herein by reference.

40.     Plaintiff had a reasonable expectation that its trade secrets, confidential information, and other material information of commercial value would not be disclosed to Caliber and used to Plaintiff's competitive detriment.

41.     Upon information and belief, Caliber, Waller, Farris and Magler knew of Plaintiff's reasonable expectation that its trade secrets, confidential information, and other

-10-

material information of commercial value would not be disclosed to Caliber and used to Plaintiff's competitive detriment.

42.     But for Caliber, Waller, Farris and Magler's intentional misappropriation of Plaintiff's trade secrets, confidential information, and other material information of commercial value and use thereof for competitive advantage, Plaintiff would have closed on and profited from the loan packages misappropriated.

43.     Caliber, Waller, and Farris acted improperly by intentionally misappropriating Plaintiff's trade secrets, confidential information, and other material information of commercial value.

44.     As a direct and proximate result of Defendants' misconduct, Plaintiff has been damaged in amount to be determined at trial, but in any event, in excess of $75,000.

45.     By reason of the foregoing, Plaintiff is entitled to recover compensatory and punitive damages from Defendants Caliber, Waller, Farris and Magler.

**THIRD CLAIM FOR RELIEF**
**Misappropriation of Trade Secrets**
**(Against Caliber, Waller and Farris)**

46.     The preceding allegations are realleged and incorporated herein by reference.

47.     Plaintiff's business methods, leads, loan programs, advertising programs, referral sources, marketing sources, software, technology, investor lists, customer lists, customer information, products, and Goldwater documentation, all of which Magler had access to and knowledge of, constitute trade secrets under Arizona's Uniform Trade Secret Act, A.R.S. § 44-401, *et seq.*.

48.     Plaintiff has taken various steps to protect its trade secrets, including (1) using network firewalls, password protection, and security credentials to prevent unauthorized access to Goldwater's servers, (2) limiting employees' access to information to that which is necessary to fulfill their job functions, (3) revoking employee authorization when they leave employment with Goldwater, (4) controlling physical access to Goldwater's offices and information, (5) use of an Intrusion Detection System to facilitate monitoring of network traffic and resource access, (6) performing regular reviews of servers and workstations to identify and report problems that may impact security, and (7) requiring employees with access to such information to execute non-disclosure, non-solicitation, and/or non-competition agreements.

49.     Caliber, Waller and Farris acquired and used certain of Plaintiff's trade secrets from Magler.

50.     Upon information and belief, Defendants knew or should have known that it/they were acquiring or using trade secrets belonging to Plaintiff.

51.     Defendants have misappropriated Plaintiff's trade secrets.

52.     Upon information and belief, Caliber, Waller and Farris' misappropriation was willful and malicious.

53.     Defendants' misappropriation of Plaintiff's trade secrets is causing and will continue to cause Plaintiff to suffer irreparable harm, for which it has no adequate remedy at law, and has damaged Plaintiff in an amount to be determined at trial, but in any event, in excess of $75,000.

-12-

54.     By reason of the foregoing, Plaintiff is entitled to injunctive relief, actual damages, and reasonable attorneys' fees under A.R.S. §§ 44-402 – 404.

**FOURTH CLAIM FOR RELIEF**
**Breach of Employment Agreement Against Magler**

55.     The preceding allegations are realleged and incorporated herein by reference.

56.     Plaintiff and Magler entered into a binding, valid contract, the Employment Agreement, dated March 29, 2018.

57.     Defendant Magler breached the Agreement when she:

a.     caused documents containing several Goldwater customers' confidential information as well as Goldwater's confidential information to be forwarded to her personal email account;

b.     provided the names of five (5) Goldwater customers to Defendants, informed Defendants that she would be submitting these loans to Caliber for processing, and that she had "full [loan] packages on all submissions."

c.     caused documents containing several Goldwater customers' confidential information and Goldwater's confidential information to be forwarded to Defendants.

d.     preceded to log into the Caliber customer portal as a "customer" and submit *at least* five separate applications using Goldwater confidential, customer information with the guidance and assistance of both Farris and Waller.

e.     Sent Plaintiff's confidential customer information to Farris and Waller upon their request.

-13-

58.     As a result, Plaintiff suffered damages in excess of $75,000.

59.     Plaintiff is entitled to its attorneys' fees, pursuant to A.R.S. § 12-341.01.

**FIFTH CLAIM FOR RELIEF**
**Temporary Restraining Order, Preliminary Injunction, Permanent Injunction**
**(Against All Defendants)**

60.     The preceding allegations are realleged and incorporated herein by reference.

61.     Plaintiff is entitled to a temporary restraining order, preliminary injunction, and permanent injunction enjoying Defendants from continuing to misappropriate Plaintiff's trade secrets and confidential customer information.

62.     Plaintiff will and continues to suffer immediate and irreparable injury, loss, or harm in the absence of an injunction.

63.     Such injury is irreparable because client's trade secrets and confidential customer information is critical to its business operations.

64.     Plaintiff is likely to succeed on the merits of its claims against all Defendants.

65.     Balancing the equities indicates the issuance of injunctive relief is necessary to protect Plaintiff's rights and trade secrets, works no harm to Defendants who, upon information and belief, used Plaintiff's confidential information and trade secrets to its competitive advantage, whereas the further misappropriation of Plaintiff's trade secrets and confidential information would cause Plaintiff to suffer immediate, substantial, and irreparable harm;

66.     Public policy favors the issuance of an injunction against all Defendants; and

67.     Issuance of an injunction is necessary to protect Plaintiff's rights during the course of the litigation.

1
2

## SIXTH CLAIM FOR RELIEF
### Breach of Good Faith and Fair Dealing (Against Caliber)

3
4

68.     The preceding allegations and re-alleged and incorporated herein by reference.

5
6
7

69.     Plaintiff and Caliber entered into the Correspondent Mortgage Loan Purchase Agreement in order for Caliber to purchase loans from Plaintiff.

8
9

70.     Caliber promised and agreed to purchase from Plaintiff loans originated by and funded by Plaintiff.

10
11
12
13
14

71.     Instead, Plaintiff is informed and believes that Caliber solicited, encouraged, and aided Magler in disclosing Plaintiff's confidential information and trade secrets, including full loan packages, to Caliber in an attempt to circumvent the Correspondent Mortgage Loan Purchase Agreement.

15
16
17
18

72.     As a result of the actions of Defendant Caliber, Caliber has violated the implied covenant of good faith and fair dealing contained in the Correspondent Mortgage Loan Purchase Agreement.

19
20
21
22

73.     As a result of Caliber's improper and unlawful conduct that breached the covenant of good faith and fair dealing, Plaintiff is entitled to damages in an amount exceeding $75,000.

23

## SEVENTH CLAIM FOR RELIEF
### Breach of Fiduciary Duty Against Magler

24
25

74.     The preceding allegations are re-alleged and incorporated herein by reference.

26

75.     While employed by Goldwater, Magler owed a fiduciary duty to Goldwater.

27
28

-15-

76.     Magler breached that duty when she took trade secrets, confidential information, and other proprietary information from Goldwater and wrongfully used it for her and the remaining Defendants' benefit, and in direct competition with Goldwater.

77.     As a result of Magler's repeated breaches of her duty to Goldwater, Goldwater has incurred damages in an amount in excess of $75,000.

**EIGHTH CLAIM FOR RELIEF**
**Aiding and Abetting Breach of Fiduciary Duty (Against Caliber, Waller & Farris)**

78.     The preceding allegations are re-alleged and incorporated herein by reference.

79.     While employed by Goldwater, Magler owed a fiduciary duty to Goldwater.

80.     Caliber, Waller and Farris knew or should have known that Magler owed a fudicary obligation to Goldwater during the term of her employment.

81.     Caliber, Waller and Farris repeatedly encouraged, solicited, aided, abetted, and instructed Magler to breach her fiduciary duty when they processed loan packages sent directly to them from Magler's personal email, her Goldwater work email.

82.     In addition, Caliber, Waller and Farris provided Magler with log in information to the Caliber customer portal in order to submit loan packages and confidential customer financial information as a "customer" even though they were aware they were being submitted by Magler while still an employee of Goldwater.

83.     Caliber, Waller and Farris, aided and abetted Magler to breach her fiduciary duty to Goldwater and as a result, Goldwater has suffered immediate, irreparable harm in the loss of several loan packages and confidential customer financial information that Goldwater spent time and expense gathering.

84.     As a result of Caliber, Waller and Farris' unlawful conduct, Goldwater has incurred damages in an amount in excess of $75,000.

WHEREFORE, Plaintiff respectfully prays that:

A.     The Court award Plaintiff damages against Defendants in an amount to be determined at trial, but in any event, in excess of $75,000;

B.     The Court award Plaintiff punitive damages for Defendants' malicious, willful, or wanton conduct;

C.     The Court enjoin Defendants through a temporary restraining order, preliminary injunction, and permanent injunction, from (1) continuing to misappropriate Plaintiff's trade secrets, (2) further using Goldwater's confidential information and trade secrets, (3) soliciting Goldwater's customers, and (4) requiring that the Defendants return all of Goldwater's confidential information and trade secrets;

D.     The Court award Plaintiff its reasonable attorneys' fees incurred in bringing this action to the full extent permitted by law;

E.     Plaintiff have a trial by jury on all claims so triable;

F.     The Court tax the cost of this action against Defendants; and

G.     The Court grant such other and further relief to Plaintiff as the court deems just and proper.

RESPECTFULLY SUBMITTED this 8th day of July, 2021.

**BURNSBARTON PLC**

By  */s/ Benjamin J. Naylor*
    Benjamin J. Naylor

**WAGNER HICKS PLLC**

Abbey M. Krysak
Sean C. Wagner

*Attorneys for Goldwater Bank PA*

1

## **CERTIFICATE OF SERVICE**

2

3       I hereby certify that on July 8, 2021, I electronically transmitted the foregoing
document to the Clerk's Office using the CM/ECF System for filing.

4

5   s/ *Carolyn Galbreath*

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28