**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Goldwater Bank NA, | No. CV-21-01190-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Caliber Home Loans Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendants Amy Waller ("Waller") and Shelly Farris's ("Farris") Motion to Dismiss for Lack of Personal Jurisdiction, filed August 10, 2021 (doc. 22). The Court considers the Motion (*id.*), Plaintiff Goldwater Bank NA's ("Goldwater") Response (doc. 41), and Waller and Farris's Reply (doc. 46). For the reasons discussed herein, the Court does not have personal jurisdiction over Waller and Farris. However, the Court holds its ruling on the Motion in abeyance pending briefing on whether the action against Waller and Farris should be transferred to a court where personal jurisdiction is proper, or whether outright dismissal of Waller and Farris is appropriate.

**I.     BACKGROUND**

    **A.     Parties.**

Plaintiff Goldwater is an Arizona corporation with its principal place of business in Arizona. Goldwater's business includes loan origination. (Doc. 1 ¶ 1; Doc. 9-2 ¶ 3). Defendant Caliber Home Loans Inc. ("Caliber") is a Delaware corporation with its principal place of business in Texas. (Doc. 1 ¶¶ 2–3). Defendants Julia M. Magler

("Magler"), Amy Waller, and Shelly Farris are all Minnesota residents and employees at a Caliber branch in Minnesota. (Doc. 21-1 ¶¶ 2, 8, 16). Magler is a Mortgage Loan Officer at Caliber who was previously a Loan Originator at a Goldwater branch in Minnesota from March 29, 2018 until her voluntary departure on June 11, 2021. (*Id.* ¶¶ 4, 16). Waller is a Production Assistant at Caliber; Farris is a Sales Manager (Doc. 22-1 ¶ 4; Doc. 22-2 ¶ 4).

### B. Jurisdiction & Venue.

Goldwater asserts that the Court has subject matter jurisdiction over the action pursuant to 28 U.S.C. § 1332 because complete diversity of citizenship exists between it and Defendants and the amount in controversy exceeds $75,000, exclusive of interest and costs. (Doc. 1 ¶ 11). Goldwater asserts that the Court has personal jurisdiction over the parties to the action. (*Id.* ¶ 10). Goldwater asserts that venue in the District of Arizona is proper based on the foregoing. (*Id.*).

### C. Goldwater's Claims.

Goldwater asserts that it has developed or generated "various trade secrets, confidential information, and other material information of significant commercial value, including ….. [its] business practices, protocols, clients, pricing schemes, sales leads[,] and proprietary interfacing." (Doc. 9-2 ¶ 5).

According to Goldwater, Magler had access to Goldwater's "Confidential Information," including its "business methods, leads, loan programs, advertising programs, referral sources, marketing sources, software, technology, investor lists, customer lists, customer information, products, and Goldwater documentation." (*Id.* ¶ 12). Goldwater alleges that Magler's Employment Agreement (*Id.* ¶ 13; *see* Doc. 9-3, Ex. B, at 10–19 ["Employment Agreement"]) included an acknowledgment that Confidential Information was the property of Goldwater and a requirement that Magler maintain its secrecy, use it solely for the benefit of Goldwater, and return it to Goldwater upon termination of employment. (Doc. 9-3, Ex. B, at 16, Art. 5, §§ 1–2). Goldwater alleges that Magler agreed that all leads and loans in process were property of Goldwater and that she would not "take any action to divert such loans to a competitor or away from [Goldwater]." (*Id.* at 16–17,

Art. 5, § 3). Further, Goldwater alleges Magler agreed to show the Employment Agreement to any subsequent employer that she works with within 12 months of terminating employment with Goldwater. (*Id.* at 17, Art. 5, § 6).

According to Goldwater, in the weeks preceding her departure from Goldwater on June 11, 2021, Magler sent Goldwater loan applicant information to Farris and Waller at Caliber. (Doc. 9-2 ¶ 15). Specifically, Goldwater alleges that on May 26, 2021, Magler emailed Farris and Waller a list of six applicant files that she would be "submitting" to Caliber and stated that she would be sending "full packages on all submissions." (Doc. 9-3, Ex. D, at 27–30). Goldwater alleges that between May 27, 2021 and May 31, 2021, Magler submitted six loan applications using Caliber's online portal. (Doc. 9-3, Ex. F, at 51–62). Goldwater asserts that on at least two occasions, Farris and Waller specifically requested such documents. (*Id.* at 35 [5/26/2021: Farris requested an applicant's "full name, address they are buying, loan type, purchase price and loan amount"], 48 [6/8/2021: Waller requested an applicant's tax returns].

On July 8, 2021, Goldwater brought the instant action against Caliber, Magler, Farris, and Waller, alleging eight claims for relief: (1) tortious interference with contract; (2) tortious interference with prospective economic advantage; (3) misappropriation of trade secrets; (4) breach of employment agreement; (5) injunctive relief in the form of a TRO, preliminary injunction, and permanent injunction; (6) breach of good faith and fair dealing; (7) breach of fiduciary duty; and (8) aiding and abetting breach of fiduciary duty. (Doc. 1 ¶¶ 33–84). Goldwater seeks actual damages in an amount to be proven at trial but in excess of $75,000.00, as well as punitive damages and injunctive relief. (*Id.* at 17).

**II.   MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

    **A.   Arguments.**

Waller and Farris move to dismiss the claims against them for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Doc. 22).

Waller and Farris filed declarations stating that they are both "lifelong" citizens of Minnesota and have never lived, worked, or transacted business in Arizona. (Doc. 22-1 ¶¶

2, 6–8; Doc. 22-2 ¶¶ 2, 6–8). Further, they state that they have never worked for or contracted with Goldwater, and all of the loans that Magler allegedly misappropriated involved borrowers and property in Minnesota or Florida. (Doc. 22-1 ¶¶ 9–11; Doc. 22-2 ¶¶ 9–11).

The Complaint alleges that both Waller and Farris are citizens of Minnesota and agents of Caliber for purposes of establishing subject matter jurisdiction under 28 U.S.C. § 1332. (*Id.* ¶¶ 6–8, 11). In response to the Motion asserting that this Court lacks personal jurisdiction over Waller and Farris, Goldwater argues that Waller and Farris "purposefully directed their activities at Arizona" and the alleged harm resulting from those activities was felt by Goldwater in Arizona. (Doc. 41 at 6). (*Id.* at 9–12).

### B. Applicable Law.

"Personal jurisdiction over a nonresident defendant is proper if permitted by a state's long-arm statute and if the exercise of that jurisdiction does not violate federal due process." *In re Western States Wholesale Nat. Gas Antitrust Litig.*, 715 F.3d 716, 741 (9th Cir. 2013). Arizona's long-arm statute permits the exercise of personal jurisdiction "to the maximum extent permitted by . . . the United States Constitution." Ariz. R. Civ. P. 4.2(a); *see Menken v. Emm*, 503 F.3d 1050, 1056 (9th Cir. 2007). The exercise of personal jurisdiction comports with federal due process where the defendant has "'certain minimum contacts' with the forum state 'such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.'" *Picot v. Weston*, 780 F.3d 1206, 1211 (9th Cir. 2015) (quoting *Int'l Shoe Co. v. Wash.*, 326 U.S. 310, 316 (1945)); *see also Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414 (1984) ("[A] relationship among the defendant, the forum, and the litigation is the essential foundation of in personam jurisdiction.") (quotes and citation omitted).

"Depending on the strength of those contacts, there are two forms that personal jurisdiction may take: general and specific." *Picot*, 780 F.3d at 1211. For general personal jurisdiction, the defendant must have "continuous and systematic" contacts that "approximate physical presence" within the forum state. *In re Western*, 715 F.3d at 741.

For specific personal jurisdiction, which Goldwater alleges here, the following three requirements must be met:

> (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privilege of conducting activities in the forum, thereby invoking the benefits and protections of its laws;
> (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and
> (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e.[,] it must be reasonable.

*Picot*, 780 F.3d at 1211 (quotes and citations omitted). The plaintiff bears the burden of proof on the first two prongs. *Id.* Once the plaintiff has met this burden, the defendant bears the burden at the third prong of setting forth "a compelling case that the presence of some other considerations would render jurisdiction unreasonable." *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 477 (1985); *see Picot*, 780 F.3d at 1211. For tort claims like the ones at bar, the inquiry at prong one is whether the defendant purposefully "directed his actions at the forum state, even if those actions took place elsewhere." *Picot*, 780 F.3d at 1212. To establish such, the plaintiff must show that the defendant "(1) committed an intentional act, (2) expressly aimed at the forum state, (3) causing harm that the defendant knows is likely to be suffered in the forum state." *Id.* at 1214 (quotes and citations omitted).

"Where, as here, a defendant's motion to dismiss is based on a written record and no evidentiary hearing is held, the plaintiff need only make a prima facie showing of jurisdictional facts." *Picot*, 780 F.3d at 1211 (quotes and citations omitted). "For the purposes of deciding whether a prima facie showing has been made, the court resolves all disputed facts in favor of the plaintiff." *In re Western*, 715 F.3d at 741.

**C.     Analysis.**

Goldwater fails to show that Waller and Farris purposefully directed their actions at Arizona and therefore fails to satisfy prong one of the test for specific personal jurisdiction. At prong one, Goldwater has shown that Waller and Farris committed "intentional" acts,

namely, the conduct described in Section I(C), *supra*. *See Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 806 (9th Cir. 2004) ("'[I]ntent' in the context of the 'intentional act' test [refers] to an intent to perform an actual, physical act in the real world, rather than an intent to accomplish a result or consequence of that act."). However, Goldwater has not shown that those acts were "expressly aimed" at Arizona.

Whether a defendant's actions were "expressly aimed" at the forum state turns on "whether the defendant's conduct connects him to the forum in a meaningful way." *Walden v. Fiore*, 571 U.S. 277, 290 (2014). Here, Goldwater argues that specific personal jurisdiction is proper in Arizona because it felt the harm of Waller and Farris's alleged actions in Arizona. (Doc. 41 at 9). Goldwater relies on *Mavrix Photo, Inc. v. Brand Techs., Inc.*, 647 F.3d 1218, 1227–28 (9th Cir. 2011), where the Ninth Circuit focused on "the forum in which the defendant's actions were felt, whether or not the actions themselves occurred within the forum" (quotes and citations omitted). In *Walden*, however, the Supreme Court found that the "proper question" for the expressly-aimed requirement is "*not where the plaintiff experienced a particular injury or effect* but whether the defendant's conduct connects him to the forum in a meaningful way." *Walden*, 571 U.S. at 290 (emphasis added). *Walden* is directly at odds with the analysis in *Mavrix Photo*; as a result, Goldwater's reliance on *Mavrix Photo* is misplaced, even if the Ninth Circuit has not formally overruled *Mavrix Photo*. *See Miller v. Gammie*, 335 F.3d 889, 900 (9th Cir. 2003) (holding that prior circuit holdings are "effectively overruled" where "the relevant court of last resort [] undercut the theory or reasoning underlying the prior circuit precedent in such a way that the cases are clearly irreconcilable").

Goldwater asserts that Waller and Farris's actions were "expressly aimed" at Arizona because they "individually targeted" Goldwater, which they knew to be a resident of Arizona and competitor of Caliber in the consumer mortgage industry. (Doc. 41 at 7–8). Goldwater states that on June 18, 2021, it sent Waller and Farris a Cease-and-Desist Letter and a copy of Magler's Employment Agreement with Goldwater, "which clearly identified Arizona as the location where the contract was made and would be enforced." (*Id.*; *see*

Doc. 21-2). Magler also stated that she provided a copy of the Cease-and-Desist letter to Caliber. (Doc. 21-1 ¶ 18). Goldwater alleges that, despite having received this correspondence, Waller and Farris "continued to misappropriate Goldwater's trade secret and confidential information by closing several loans" brought to Caliber by Magler. (Doc. 41 at 8).

These allegations are insufficient to establish that Waller and Farris's actions were "expressly aimed" at Arizona. Plaintiff's mailing of a copy of the Employment Agreement to Waller and Farris cannot create personal jurisdiction. *See Walden*, 571 U.S. at 285 ("[T]he plaintiff cannot be the only link between the defendant and the forum."); *Axiom Foods, Inc. v. Acerchem Int'l, Inc.*, 874 F.3d 1064, 1070 (9th Cir. 2017) ("[W]hile a theory of individualized targeting may remain relevant to the minimum contacts inquiry, it will not, on its own, support the exercise of specific jurisdiction, absent compliance with what *Walden* requires."); *Picot*, 780 F.3d at 1214 ("The proper analysis in tort cases . . . looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there.") (quotes and citation omitted).[1]

Applying *Walden* to the facts of this case, the Court finds no meaningful connection between Arizona and Waller or Farris. *See Picot*, 780 F.3d at 1215. In *Picot*, the Ninth Circuit affirmed a district court's finding that it did not have personal jurisdiction over a defendant because all of the defendant's alleged misconduct occurred outside of the forum state and without the defendant entering into the forum state, contacting any person in the forum state, or otherwise reaching out to the forum state. 780 F.3d at 1215. Under those facts, the Ninth Circuit concluded that "none of [the defendant's] challenged conduct had anything to do with [the forum state] itself" and therefore specific personal jurisdiction over that defendant was absent. *Id.*

---

[1] Prior to *Walden*, an allegation that the defendant targeted the plaintiff and knew the plaintiff was a resident of the forum state was sufficient to meet the expressly-aimed requirement in the Ninth Circuit. *See, e.g.*, *Washington Shoe Co. v. A-Z Sporting Goods Inc.*, 704 F.3d 668, 675 (9th Cir. 2012), *abrogation recognized in Axiom Foods*, 874 F.3d at 1070.

The facts of the present case are sufficiently similar. All of Waller and Farris's communications with Magler giving rise to the claims at bar occurred outside of Arizona – in Minnesota, where all three reside. (Doc. 22-1 ¶¶ 2, 4; Doc. 22-2 ¶¶ 2, 4; Doc. 21-1 ¶ 2). Those communications discussed loans for homes and borrowers located outside of Arizona – in Minnesota and Florida. (Doc. 22-1 ¶ 11; Doc. 22-2 ¶ 11). The record does not show that Waller and Farris traveled to Arizona, solicited anyone in Arizona, or otherwise reached out to Arizona, nor does the record show that any of the allegedly misappropriated information involved property in Arizona. On the record before the Court, Goldwater has not shown that Waller or Farris have any meaningful connection to Arizona and therefore fails to show that exercise of personal jurisdiction over them is proper. *See Walden*, 571 U.S. at 290.

### D.     Conclusion.

This Court does not have personal jurisdiction over Waller or Farris. "Where the court determines that it lacks jurisdiction over a matter, it must determine whether the case should be transferred to another district[,] rather than dismissed[,] pursuant to 28 U.S.C. § 1631." *Pfister v. Selling Source, LLC*, 931 F. Supp. 2d 1109, 1119 (D. Nev. 2013) (citing *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990)).[2] Section 1631 states, in pertinent part:

> [Where the] court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court . . . in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631.

---

[2] The Court must consider whether transfer is an appropriate remedy, even in the absence of a motion for such. *See Hambrick*, 905 F.2d at 262 ("Although Miller did not move the district court to transfer the case, we have held that "'[a] motion to transfer is unnecessary because of the mandatory cast of section 1631's instructions.'") (quoting *In re McCauley*, 814 F.2d 1350, 1353 (9th Cir. 1987)).

Here, it appears that personal jurisdiction over Waller and Farris may be proper in the District of Minnesota, where the alleged acts occurred. The Court will therefore hold Waller and Farris's Motion in abeyance pending briefing from Waller, Farris, and Goldwater on whether transferring the action against Waller and Farris to the District of Minnesota is "in the interest of justice" and therefore the appropriate remedy for this Court's lack of personal jurisdiction over them. *See Jones v. GNC Franchising Inc.*, 211 F.3d 495, 498–99 (9th Cir. 2000) (providing multiple factors for determining whether a transfer is "in the interest of justice" under the change-of-venue statute, 28 U.S.C. § 1404(a)); *Lansing v. Feast at Lele*, No. CIV. S–08–2287 LKK/DAD, 2009 WL 800228, at *5 n.2 (E.D. Cal. Mar. 25, 2009) (noting that "in the interest of justice" has the same meaning under 28 U.S.C. §§ 1404(a) and 1631); *see also Baeta v. Sonchik*, 273 F.3d 1261, 1264–65 (9th Cir. 2001).

**IT IS THEREFORE ORDERED holding in abeyance** Waller and Farris's Motion to Dismiss (doc. 22).

**IT IS FURTHER ORDERED** that Goldwater, Waller, and Farris **shall file** simultaneous briefs of not more than five (5) pages in length on whether the Court should transfer the action against Waller and Farris to another district court in the United States pursuant to 28 U.S.C. § 1631 on or before **October 1, 2021**.

Dated this 16th day of September, 2021.

Honorable Michael T. Morrissey
United States Magistrate Judge