WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Goldwater Bank NA,<br><br>Plaintiff,<br><br>v.<br><br>Caliber Home Loans Incorporated, et al.,<br><br>Defendants. | No. CV-21-01190-PHX-MTM<br><br>**ORDER** |

Before the Court are three motions: Plaintiff Goldwater Bank NA's ("Goldwater") "Motion For Leave to File Under Seal Document Related to Goldwater Bank's Reply in Support of Motion for Temporary Restraining Order and Preliminary Injunction," filed August 17, 2021 (doc. 28); Goldwater's "Motion to Retroactively Seal Certain Documents Filed by the Individual Defendants[1] in Opposition to Goldwater Bank, N.A.'s Motion for Temporary Restraining Order and Preliminary Injunction," filed August 19, 2021 (doc. 35); and Defendant Julia M Magler's ("Magler") "Motion for Leave to File Evidentiary Objection to Declaration of Jon Edwards," filed September 3, 2021 (doc. 49). For the reasons detailed herein, each motion will be denied.[2]

//

---

[1]  In this Order, "Individual Defendants" will be used to collectively refer to Defendants Julia M Magler, Amy Waller, and Shelly Farris.

[2]  The Court denies Magler's request for oral argument on her Motion (doc. 57 at 1) as it is not necessary for its resolution. *See* LRCiv 7.2(f) ("The Court may decide motions without oral argument.").

**I.   MOTIONS TO SEAL**

   **A.   Arguments.**

In its motions, Goldwater seeks to seal documents containing the name of one of its "confidential referral sources." (Docs. 28, 35). In the first, Goldwater moves to seal the declaration of Nate Raich (doc. 29), a regional manager at Goldwater, which Goldwater filed in support of its reply to the Individual Defendants' response to its Motion for a Temporary Restraining Order and Preliminary Injunction ("Motion for TRO/PI") (doc. 9). (Doc. 28). In the second, Goldwater moves to seal certain declarations filed by the Individual Defendants in support of their response to the Motion for TRO/PI, namely, the declarations of Defendant Magler (doc. 21-1), Greg Adamson (doc. 21-4), Steven De La Reyes (doc. 21-7), and Colin Marthaler (doc. 21-9). (Doc. 35). Goldwater maintains that sealing these documents is necessary because public disclosure of the referral source's identity "would competitively disadvantage Goldwater." (Doc. 28 at 2; Doc. 35 at 2). Goldwater further argues that Magler is obligated to keep the referral source's identity confidential pursuant to her Employment Agreement. (*Id.*, citing Doc. 9-3 at 16, Art. 5, § 1).[3]

The Individual Defendants responded to both motions, arguing that Goldwater has not shown a "compelling reason" to justify sealing these documents. (Docs. 39, 40). They further argue that the referral source "is not a Goldwater client," but rather, "a third-party

---

[3]   The Employment Agreement states, in pertinent part:

> Loan Originator [Magler] acknowledges that . . . [Goldwater's] . . . referral sources . . . have been developed through the expenditure of substantial time, effort and money which [Goldwater] wishes to maintain in confidence and withhold from disclosure to other persons. Accordingly . . . Loan Originator acknowledges that . . . [she] shall use such information solely for [Goldwater's] benefit, and maintain as secret and shall not disclose any of the Confidential information to any third party (except as Loan Originator's duties may require) without [Goldwater's] prior express written authorization.

(Doc. 9-3 at 16, Art. 5, § 1).

realtor who [Magler] knew before she joined Goldwater." (*Id.*).

Goldwater replied, arguing that this referral source "represents a substantial pipeline of referrals for Goldwater" and sealing the referral source's name "is necessary because, if . . . unsealed, Goldwater's competitors can learn of and seek to divert business away from this referral source." (Doc. 48 at 3, quotes omitted). Goldwater further argues that "the financial services industry is highly competitive" and that it "will suffer if its confidential referral sources are a matter of open knowledge." (*Id.*, quotes omitted).

### B. Legal Standard.

The public has a "'general right to inspect and copy public records and documents, including judicial records and documents.'" *Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1096 (9th Cir. 2016) (quoting *Nixon v. Warner Commnc'ns, Inc.*, 435 U.S. 589, 597 (1978)). Thus, there is a "strong presumption in favor of access to court records." *Id.* (quotes and citation omitted). A party seeking to seal a court record "bears the burden of overcoming this strong presumption by meeting the 'compelling reasons' standard."[4] *Kamakana v. City and Cty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). "Under this stringent standard, a court may seal records only when it finds 'a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture.'" *Chrysler*, 803 F.3d at 1096–97 (quoting *Kamakana*, 447 F.3d at 1179). In determining whether to seal a court record, a court must "conscientiously balance the competing interests of the public and the party who seeks to keep certain judicial records secret." *Kamakana*, 447 F.3d at 1179 (quotes and citations omitted).

### C. Analysis & Conclusion.

In support of its Motions, Goldwater cites *Nixon*, *supra*. (Doc. 48 at 2). In *Nixon*, the Supreme Court observed that access to court records "has been denied where court files

---

[4] The "compelling reasons" standard applies to the instant documents because they regard Goldwater's Motion for a TRO/PI, which is "more than tangentially related to the merits of [the] case." *Chrysler*, 809 F.3d at 1101. By contrast, a court need only find "good cause" to seal documents attached to "non-dispositive motions because those documents are often unrelated, or only tangentially related, to the underlying cause of action." *Kamakana*, 447 F.3d at 1179–80 (quotes and citations omitted).

might have become a vehicle for improper purposes." 435 U.S. at 598. As noted in *Nixon*, sealing a court record may be appropriate where the record could serve as a "source[] of business information that might harm a litigant's competitive standing." *Id.* (citations omitted); *see Chrysler*, 809 F.3d at 1097. Additionally, Goldwater cites *Kamakana*, in which the Ninth Circuit identified the "release [of] trade secrets" as another "improper purpose" that may justifying sealing a court record. 447 F.3d at 1179.

The Court will deny Goldwater's motions because Goldwater has not met the "stringent" standard of showing why the referral source's name should be kept under seal. Goldwater fails to explain precisely how disclosing the name of this individual would put it at a competitive disadvantage. The purported cause-and-effect link between disclosure of this individual's name and diminished referrals to Goldwater appears, on this record, to be speculative at best. Goldwater proffers no allegation or evidence indicating that this individual provides Goldwater with referrals on the condition that his identity remain confidential. Therefore, the Court is without a sufficient factual basis to conclude that compelling reasons justify keeping these documents sealed. Accordingly, Goldwater's motions will be denied.

**II.     MOTION FOR LEAVE TO FILE EVIDENTIARY OBJECTION**

Defendant Magler moves for leave to file an evidentiary objection to the declaration of Jon Edwards (doc. 9-2), Goldwater's Executive Vice-President and Chief Financial Officer, which Goldwater submitted in support of its Motion for TRO/PI. (Doc. 49; *see* Doc. 49-1). Specifically, Magler objects to the admission of her Employment Agreement with Goldwater on the grounds that it is an incomplete document because Goldwater omitted an "Exhibit A" when it filed the document with the Court. (Doc. 49). The Court considers Magler's Motion (*id.*), Goldwater's Response (doc. 55), and Magler's Reply (doc. 57).

As an initial matter, Magler's objection to the admission of the Employment Agreement is untimely. Under LRCiv 7.2(m):

An objection to (and any argument regarding) the admissibility of evidence

offered in support of or opposition to a motion must be presented in the objecting party's responsive or reply memorandum and not in a separate motion to strike or other separate filing.

In any event, the Court will overrule the objection. Magler relies on Fed. R. Evid. 106, which states:

> If a party introduces all or part of a writing or recorded statement, an adverse party may require the introduction, at that time, of any other part--or any other writing or recorded statement--that in fairness ought to be considered at the same time.

Upon review of the Employment Agreement, the missing "Exhibit A" appears to be the compensation schedule regarding Magler's compensation. (Doc. 9-3 at 15, Art. 4, § 2). Given that this action does not involve any dispute regarding Magler's compensation—only her alleged disclosure of Goldwater's purported trade secrets and confidential information—the relevance of Exhibit A is not apparent. As such, the Court concludes that "fairness" does not require its disclosure in the instant action. Accordingly, the Court will deny Magler's motion.

**IT IS THEREFORE ORDERED:**

(1) Goldwater's Motions to Seal (docs. 28, 35) are **denied**. The Clerk of Court shall unseal Docs. 21-1, 21-4, 21-7, 21-9, and 29. The Clerk of Court shall file Doc. 29.

(2) Magler's Motion for Leave to File Evidentiary Objection (doc. 49) is **denied**.

Dated this 23rd day of September, 2021.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge