WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Goldwater Bank NA, | No. CV-21-01190-PHX-MTM |
| Plaintiff, | **ORDER** |
| v. | |
| Caliber Home Loans Incorporated, et al., | |
| Defendantss. | |

Before the Court is Defendants Amy Waller and Shelly Farris' motion to dismiss for lack of personal jurisdiction. (Doc. 22.) Having considered the parties' supplemental briefing on whether the Court should dismiss the claims against Waller and Farris or transfer them to another court (docs. 65, 66), the Court will grant the motion and dismiss the claims without prejudice.

**I.  Background**

Both Waller and Farris work for Defendant Caliber Home Loans, Inc. (Docs. 22-1 at 1, Doc. 22-2 at 1.) Waller is a production assistant and Farris is a sales manager. (*Id.*) Both work in Caliber's branch office in Blaine, Minnesota, and both are residents of Minnesota. (*Id.*) Neither Waller nor Farris have lived, worked, or transacted business in Arizona. (Docs. 22-1 at 2, Doc. 22-2 at 2.)

Plaintiff Goldwater Bank, N.A., sued Caliber, Waller, Farris, and Defendant Julia Magler. (Doc. 1.) Pertinent to this motion, Goldwater alleged the following claims for relief against Waller and Farris: (1) tortious interference with contract; (2) tortious interference

with prospective economic advantage; (3) misappropriation of trade secrets; (4) temporary restraining order, preliminary injunction, and permanent injunction; and (5) aiding and abetting breach of fiduciary duty. (Doc. 1 at 9–16.) Goldwater also alleged these same claims against Caliber. (*Id.*)

Waller and Farris moved to dismiss the claims against them for lack of personal jurisdiction. (Doc. 22.) The Court concluded it did not have personal jurisdiction over Waller and Farris, but it held its ruling on their motion in abeyance pending briefing from the parties on whether the Court should dismiss the claims against them or transfer the claims. (Doc. 52 at 9.)

## II.     Discussion

Goldwater argues the Court should transfer the claims against Waller and Farris to the United States District Court for the District of Minnesota. (Doc. 65 at 2.) Goldwater notes Waller and Farris live and work in Minnesota, and most witnesses and evidence are likely in Minnesota as the state in which Waller and Farris' alleged conduct occurred. (*Id.*) Waller and Farris argue the Court instead should dismiss the claims against them because transferring the claims would result in duplicitous litigation and would not be in the interest of justice. (Doc. 66 at 2.)

Under 28 U.S.C. § 1631, a court must transfer a case only if: "(1) the transferring court lacks jurisdiction; (2) the transferee court could have exercised jurisdiction at the time the action was filed; and (3) the transfer is in the interest of justice." *Cruz-Aguilera v. I.N.S.*, 245 F.3d 1070, 1074 (9th Cir. 2001). The decision to transfer or not under § 1631 is within this Court's discretion. *Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

The Court has already concluded it lacks personal jurisdiction over Waller and Farris, satisfying the first factor. (Doc. 52.) Further, the claims against them "could have been brought" in the United States District Court for the District of Minnesota, satisfying the second. 28 U.S.C. § 1631; *see also Kennedy v. Phillips*, No. C11–1231, 2012 WL 261612, at *4 (W.D. Wash. Jan 30, 2012) ("This means the transferee court must have subject matter jurisdiction, proper venue, and defendant must be subject to personal

jurisdiction and be amenable to service of process in that district.").

The Court, however, finds transfer would not be in the interest of justice. "No fixed list of factors guides the court's discretion in deciding whether a § 1631 transfer is in the interest of justice." *Fisher v. U.S.*, No. C08-1795, 2009 WL 2187552, at *2 (W.D. Wash. May 18, 2009). But several courts have found transfers resulting in duplicitous litigation are not in the interest of justice. *See, e.g.*, *Thuney v. Lawyer's Title of Ariz.*, No. 2:18-cv-1513-HRH, 2019 WL 467697, at *7 (D. Ariz. Feb. 6, 2019). Here, only the claims against Waller and Farris are at issue; if the court were to transfer the claims against them, the claims against Caliber and Magler would still remain in this court. Because the claims Goldwater asserted against Waller and Farris are also asserted against Caliber, transferring the claims would result in duplicitous litigation. *See Ei Corp., Inc., v. Gallant Cap. Partners, LLC*, No.: 2:20-cv-01119-APG-NJK, 2020 WL 4342663, at *2 (D. Nev. July 28, 2020) ("Litigation of related claims in the same tribunal is favored in order to avoid duplicitous litigation, attendant unnecessary expense, loss of time to courts, witnesses and litigants, and inconsistent results." (citation omitted)). Allowing two separate actions to proceed in two different forums would risk inconsistent results because, as to the claims against Waller and Farris, Caliber's alleged liability is intertwined with Waller and Farris' alleged liability. The two courts could make contrary findings and conclusions over the same facts and issues. Such an outcome would not be in the interest of justice.

Accordingly,

**IT IS ORDERED** Waller and Farris' motion to dismiss for lack of jurisdiction (doc. 22) is **GRANTED**.

**IT IS FURTHER ORDERED** Waller and Farris are **DISMISSED WITHOUT PREJUDICE**.

Dated this 26th day of October, 2021.

_____
Honorable Michael T. Morrissey
United States Magistrate Judge